**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC SHORE SURGICAL ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE FUND, et al.,<br><br>Defendants. | Civil Action No. 17-12166 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on: (i) Plaintiff Atlantic Shore Surgical Associates' ("Plaintiff") motion to remand and request for attorneys' fees (ECF No. 12); and (ii) two motions to dismiss filed by (a) Defendants Local 464A United Food and Commercial Workers Union Welfare Fund ("UFCW") and Maxon Companies ("Maxon") (ECF No. 7) and (b) Horizon Blue Cross Blue Shield of New Jersey ("BCBS") (collectively "Defendants") (ECF No. 8). On October 4, 2017, Plaintiff filed a complaint against UFCW, Maxon, and BCBS (collectively "Defendants") in the Superior Court of New Jersey Law Division, Ocean County. (ECF No. 1-3.) On November 29, 2017, UFCW and Maxon, with BCBS's consent (ECF No. 1-4), removed the action to this Court based on federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA") (ECF No. 1-1). The present motions ensued. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule

78.1. For the reasons stated below, Plaintiff's motion to remand is granted, Plaintiff's request for attorneys' fees is denied, and Defendants' motions to dismiss are denied as moot.

I. **Background**

UFCW, a self-insured plan administered by Defendants, provided health benefits to "CC." (Compl. ¶ 17, ECF No. 1-3.) On September 17, 2014, "CC" came to the emergency room at Community Medical Center with a four-day history of abdominal pain and stomach problems. (*Id.* ¶ 18.) The on-call specialist, Tarun Bhandari, M.D., employed by Plaintiff, a non-participating and out of network provider, examined "CC" and concluded that "CC" had a bowel obstruction and acute renal failure, requiring emergency surgery. (*Id.* ¶¶ 16, 18-19.) Dr. Bhandari and another surgeon also employed by Plaintiff, Jane Park, M.D., performed the surgery. (*Id.* ¶¶ 20-22.) In accordance with normal business practice, Community Medical Center obtained authorization for "CC"'s treatment, which extended to all physicians—including Plaintiff. (*Id.* ¶ 28.) The total billed charges that amounted to $214,927.00, are normal and reasonable charges for the procedure and services of these doctors. (*Id.* ¶ 25.) Defendants paid $4,853.51, leaving "CC" with a balance due of greater than $210,073.49. (*Id.* ¶ 26.)

On October 4, 2017, Plaintiff filed a four-count complaint alleging (1) breach of contract; (2) promissory estoppel; (3) account stated; and (4) fraudulent inducement, all stemming from Defendants' authorization of the surgery and failure to pay the usual and customary rates for medical services. (*Id.* ¶¶ 30-53.) Although there is no ERISA claim explicitly pled in the Complaint, Defendants contend Plaintiff's claims are preempted by ERISA and this Court, therefore, has original jurisdiction under 28 U.S.C. § 1331. (Notice of Removal ¶¶ 7-9, ECF No. 1.)

2

## II. Legal Standard

### A. Removal

A defendant in a state court civil action may remove the case to federal court under 28 U.S.C. § 1441. Removal to federal court is appropriate if the federal court would have had original subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a plaintiff files a motion to remand, the removing party bears the burden of demonstrating that the federal court has original subject matter jurisdiction justifying the removal. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Removal statutes are strictly construed and when doubt exists as to federal court jurisdiction, remand is favored. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

### B. ERISA Preemption

"[A] case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). "Under the well-pleaded complaint rule, a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes*, 57 F.3d at 353.

The doctrine of complete preemption is an exception to the well-pleaded complaint rule and "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *N.J. Carpenters and the Trs. Thereof v. Tishman Constr. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999)). The Supreme Court has recognized three areas of complete preemption, one of which is at issue in this case, claims pursuant to § 502(a) of ERISA. *Id.* Thus, if § 502(a) preempts Plaintiff's claims, jurisdiction in this Court is proper.

Section 502(a) of ERISA may convert purported state law claims into claims that arise under federal law and are subject to the Court's original jurisdiction. *N.J. Carpenters*, 760 F.3d at 303; *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F. 3d 1, 4 (1st Cir. 2012). The Supreme Court has held that Congress intended to preempt state law causes of action which are ultimately within the civil-enforcement provisions of § 502(a). *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Courts have found that the complete-preemption doctrine permits removal of state law claims, including improper processing of claim benefits, refusal to reimburse for medical treatment, and an array of pension related benefits. *Dukes*, 57 F.3d at 354-55.[1]

---

[1] Not all claims subject to ERISA preemption are subject to removal, as "removal and preemption are two distinct concepts." *Dukes*, 57 F.3d at 355.

> Section 514 of ERISA defines the scope of ERISA preemption, providing that ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in § 4(a) of ERISA] and not exempt under [§ 4(b) of ERISA]." (emphasis added.) The *Metropolitan Life* complete-preemption exception, on the other hand, is concerned with a more limited set of state laws, those which fall within the scope of ERISA's civil enforcement provision, § 502. State law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life*. *See Franchise Tax Bd.*, 463 U.S. at 23-27 (holding that preemption under § 514(a) does not permit a defendant to remove a suit brought in state court to federal court when the plaintiff's state claim does not fall within the scope of ERISA's civil remedy provisions); *Metro. Life*, 481 U.S. at 64 (stating that ERISA preemption under § 514(a) "without more, does not convert [a] state claim into an action arising under federal law"); *see also Allstate*, 879 F.2d at 93-94 (holding that § 514(a) preemption defense will not justify removal unless claim falls within the scope of ERISA's civil enforcement provision, § 502); *Warner*, 46 F.3d at 535 (that a claim is preempted under § 514(a) does not necessarily establish that the claim is removable); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 272-73 (2d Cir. 1994) (state law professional malpractice claim against company hired by plaintiff's employer to provide psychotherapy services deemed outside the scope of § 502(a)(1)(B) and therefore not removable).

*Id.* "[W]hen the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption." *Bauman*, 193 F.3d at 165 (quoting *Dukes*, 57 F.3d at 355).

Under § 502(a), a state-law claim is preempted and removable if two conditions are met: (1) the plaintiff could have brought the claim under § 502(a) of ERISA, and (2) no independent legal duty supports the plaintiff's claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Courts have disaggregated the first condition into two parts: (1) "whether the plaintiff is the type of party that can bring a claim pursuant to [§ 502(a)]"; and (2) "whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to [§ 502(a)]." *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017). Participants or beneficiaries[2] may bring claims pursuant to § 502, and "[h]ealthcare providers that are neither participants nor beneficiaries . . . may obtain derivative standing by assignment from a plan participant or beneficiary." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) (citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014)).

### III. Discussion

Defendants removed this case based on the doctrine of complete preemption pursuant to § 502(a) of ERISA. The Court, however, finds this case fails both prongs of the *Pascack* preemption analysis. As to the first prong, Plaintiff is not a participant or beneficiary as defined by ERISA and does not attempt to assert the rights of "CC" when bringing the contract and quasi-contract state law claims. *See, e.g., E. Coast Advanced Plastic Surgery v. AmeriHealth*, No. 17-8409, 2018 U.S. Dist. LEXIS 38900, at *7 (D.N.J. Mar. 9, 2018); (*see generally* Compl. 6-9). Plaintiff asserts the right to compensation for the emergency medical services provided based on

---

[2] A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1132(a)(1)-(4).

5

the alleged implied promise made through the surgical authorization. (*See generally* Compl.) Plaintiff further argues that it is the only entity with standing to bring its claims, as it seeks damages as a result of its doctors' provision of medical services in reliance upon Defendants' authorization. (Pl.'s Reply Br. 7, ECF No. 19.) Moreover, reference to an ERISA plan in a complaint does not necessarily convert a state-law cause of action into a federal one. *See, e.g., E. Coast Advanced Plastic Surgery*, 2018 U.S. Dist. LEXIS 38900, at *7. Even if Plaintiff "ha[s] received valid assignments and could have filed suit under ERISA, the mere existence of an assignment does not convert [Plaintiff's] state law" claims into an ERISA claim for benefits. *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 U.S. Dist. LEXIS 22710, at *11 (D.N.J. Feb. 17, 2017) (R. & R. adopted and remanded by *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 U.S. Dist. LEXIS 39769 (D.N.J. Mar. 20, 2017)) (internal quotations omitted). BCBS contends that Plaintiff's silence as to whether "CC" assigned his claims indicates, more likely than not, the existence of an assignment. (BCBS Opp'n Br. 9, ECF No. 14.) BCBS has not cited authority for this proposition and, therefore, the Court declines to adopt this reasoning.

As to the second prong, the Court finds that Plaintiff has adequately alleged, for the purposes of a motion to remand, a duty independent of an ERISA plan. A duty is independent if "it is not based on an obligation under an ERISA plan or if it would exist whether or not an ERISA plan existed." *N.J. Carpenters*, 760 F.3d at 303. The allegations in the Complaint do not cite the ERISA plan as the basis for any payment. Defendants claim that the sole allegation underpinning Plaintiff's claims is an authorization that was provided to the hospital, not provided to Plaintiff. (BCBS Opp'n Br. 2, 6 n.1, 15-16; UFCW and Maxon Opp'n Br. 8-9, ECF No. 15.) Accordingly, Defendants argue this case is distinguishable from those remanded in this district. (*Id.*) The Complaint may not reach the threshold of federal court pleading standards. The Court, however,

6

finds it premature to address the merits of the claim on a motion to remand. *Garrick Cox MD, LLC v. Cigna Healthcare*, No. 16-4611, 2016 U.S. Dist. LEXIS 161242, at *9-10 (D.N.J. Oct. 27, 2016) (R. & R. adopted and remanded by *Garrick Cox MD, LLC v. CIGNA Healthcare*, No. 16-4611, 2016 U.S. Dist. LEXIS 160853 (D.N.J. Nov. 21, 2016)). Plaintiff's motion to remand is granted and, accordingly, the motions to dismiss filed by UFCW and Maxon (ECF No. 7) and BCBS (ECF No. 8) are denied as moot.

Finally, the Court cannot say that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Even though the Court has decided to remand the action, the Court finds that Defendants' position is asserted in good faith and addresses a complicated area of law. Plaintiff's request for legal fees pursuant to 28 U.S.C. § 1447(c) is, therefore, denied.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion to remand is granted, Plaintiff's request for attorneys' fees is denied, and Defendants' motions to dismiss are denied as moot. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated**: July 27, 2018